UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS HENRY BLUMENTHAL,

    Plaintiff,

v.

JIM ARMSTRONG, et al.,

    Defendants.
_____/

Case No. 2:08-cv-273
HON. GORDON J. QUIST

## REPORT AND RECOMMENDATION

Plaintiff prisoner Thomas Henry Blumenthal filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants. Plaintiff has filed a motion for a preliminary injunction and temporary restraining order, requesting a transfer to a facility that provides a Kosher diet. Plaintiff had been approved for a Kosher diet in October 2006 while confined at the Muskegon Correctional Facility. Plaintiff was transferred to the West Shoreline Correctional Facility in October 2007. That facility did not provide Kosher meals. Plaintiff apparently made no complaints about his lack of a Kosher diet while confined at the West Shoreline Correctional Facility. In fact, plaintiff routinely purchased non-Kosher food items from the prison store while at that facility. Plaintiff was transferred to the Ojibway Correctional Facility on February 12, 2008. Plaintiff discussed his Kosher status upon his arrival with defendant McGuire who advised that plaintiff should contact the prison Chaplain. Plaintiff met with prison Chaplain Vilgos who later discovered that plaintiff had been on a Kosher diet prior to his arrival at the West Shoreline Correctional Facility. Defendant Vilgos learned that the West Shoreline Correctional Facility did not provide Kosher meals and that plaintiff

had been eating non-kosher prison store bought items routinely. As a result, a Notice of Intent to remove plaintiff's Kosher diet designation was issued. Plaintiff was removed from the Kosher diet status for purchasing non-Kosher items. Plaintiff's request for reinstatement to the Kosher diet program was denied.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*,

596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a preliminary injunction and a temporary restraining order (Docket #20) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 12, 2009