UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS HENRY BLUMENTHAL,

    Plaintiff,

v.

JIM ARMSTRONG, et. al.,

    Defendants.
    _____/

Case No. 2:08-CV-273

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 10, 2010. The Report and Recommendation was duly served on the parties. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds Plaintiff's objections to be without merit.

Plaintiff, Thomas Henry Blumenthal, filed this 42 U.S.C. § 1983 action while housed at the Ojibway Correctional Facility. Plaintiff alleges claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment arising out of Defendants' removal of Plaintiff from the Kosher diet list and Defendants' subsequent denial of Plaintiff's reinstatement request.

Plaintiff makes two general objections. First, Plaintiff argues that he properly exhausted his claims against Defendants Armstrong, Majurin, Martin, Quigley, and Usitalo. Plaintiff's citations to the record do not provide any support for this claim. MDOC Policy Directive 03.02.130(R)

requires inmates to specifically name all individuals when filing a grievance. Plaintiff failed to name these Defendants in his grievance. Plaintiff thus failed to exhaust his administrative remedies as to Defendants Armstrong, Majurin, Martin, Quigley, and Usitalo.

Second, Plaintiff argues that he raised an issue of fact regarding the sincerity of his religious beliefs. The Magistrate Judge found that Plaintiff was not sincere in his religious beliefs because: (1) Plaintiff ate non-Kosher meals in the dining hall at the West Shoreline facility for four months without ever filing a grievance or making a written request for Kosher food; (2) Plaintiff was not interested in services or religious literature at the Ojibway facility; and (3) Plaintiff only wore his yarmulke when he visited the chaplain. Additionally, while Plaintiff claims to have increased his religious observance since his removal from the Kosher diet list and his subsequent transfer to the Parnall facility, Plaintiff does not cite any evidence in the record to support this claim. Therefore, Plaintiff's removal from the Kosher diet list was reasonable. *See Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (holding that district court did not err in finding the lack of an issue of fact where the non-moving party failed to present any competent evidence to support his assertions). Defendants are entitled to summary judgment on Plaintiff's First Amendment and RLUIPA claims.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Docket no. 51) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Armstrong, Majurin, Martin, Quigley, and Usitalo's motion to dismiss for failure to exhaust administrative remedies (Docket no. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Docket no.

27) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's motion to amend (Docket no. 38) is **DISMISSED AS MOOT**.

This case is closed.

Dated: March 29, 2010                                    /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE